NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-374-KKC

DORIAN COTLEDGE                                                                                   PLAINTIFF

VS:                   **MEMORANDUM OPINION AND ORDER**

MR. HUBBARD, ET AL.                                                    DEFENDANTS

Dorian Cotledge, an individual presently confined at the Federal Correctional Institution (FCI) in Manchester, Kentucky, has filed a *pro se* civil rights complaint under 28 U.S.C. §1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), together with a motion to proceed *in forma pauperis*. Since that time, the plaintiff has supplied financial information to support that motion and has also filed a motion for a clarification as to amount of the district court filing fee, both of which shall be addressed by separate Order.

This matter is now before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To state a claim that is cognizable as a *Bivens* action, the plaintiff must plead two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397.

CLAIMS

The plaintiff claims that the defendants denied him proper medical treatment, in violation of his Eighth Amendment rights, by denying him a healthy diet necessary for his physical condition.

## NAMED DEFENDANTS

As defendants, the plaintiff has named the prison's food administrator, Mr. Hubbard; Warden C.E. Samuels, Jr.; and Associate Warden Tyrone Martin.

## RELIEF REQUESTED

The plaintiff seeks a declaration that his rights were violated and damages.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the factual allegations presented in the original complaint, a later-filed amendment, and attachments thereto. Record Nos 1, 5.

The plaintiff alleges that he arrived at FCI-Manchester on December 13, 2004, and had a routine physical examination the next month. After some testing, on June 8, 2005, the following purportedly took place:

> . . . The Plaintiff was diagnosed with type 2 diabetes and high blood pressure. I was prescribed 3 types of medication, one for diabetes, high blood pressure and another to help bring down my extremely high triglyeride [sic] level. And was counseled on proper diet, weight loss and exercise.

Record No. 5, at 2.

The plaintiff states that thereafter he made numerous and repeated requests for a "medical diet," but was ignored. He describes conversations and attaches copies of these requests to a variety of prison staff, including the defendants. It was not until August 1, 2005, that his diet was changed to "heart healthy with diabetic substitution," and he signed that he considered the issue resolved. *Id.*, Exhibit 9(d).

## DISCUSSION

The Court must begin with a pre-condition to the prisoner-plaintiff's filing of the instant

lawsuit. In the Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996, the United States Congress legislated that prisoners must avail themselves of administrative remedies prior to initiating a lawsuit:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). The Supreme Court of the United States has twice examined the statute and held that it means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Thus, we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out at 28 C.F.R. §§542.10-.19 (1998), and consist of four steps. Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel. *See* §542.15.

The administrative procedure includes established response times. §542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and

General Counsel, 40 days.  Only one extension of time of 20-30 days, in writing, is permitted the agency.  If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level.  *Id.*  There is even an expedited procedure for any request "determined to be of an emergency nature which threatens the inmate's immediate health or welfare."  *Id.*

The plaintiff has written "Plaintiff has exhausted administrative remedy," but his submissions do not support this claim.  In several of his attached notes to staff about his diet, he even asked for an expedited response.  Yet when he got an unsatisfactory response or got no response at all, still the plaintiff did not pursue the matter further in the administrative scheme available to him.  The plaintiff has shown the Court more than a dozen handwritten notes he sent to staff about his diet, but only two show that he tried to resolve the matter through the administrative scheme.  He tried the first step, the informal administrative request to staff only twice, once on June 29, 2005, and the other on August 1, 2005.  The first of these was not resolved satisfactorily, but he did not go to the next step.  The August informal document shows that he was satisfied with the heart healthy diet and he considered the matter ended.

The Sixth Circuit has consistently insisted on compliance and a clear demonstration of compliance with the statute at the time of filing.  *See Wright v. Morris*, 111 F.3d 414 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997).  A plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity.  *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the

lawsuit without prejudice. *Id.*

In his complaint, amended complaint, attachments, and the less than 2-month time frame from diagnosis to a satisfactory diet, the plaintiff has failed to demonstrate exhaustion of the administrative remedy procedures available to him, and his lawsuit must be dismissed for this reason.

## CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** that this action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This the 12th day of September, 2005.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge